| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 03 C 6315 | **DATE** | 5/13/2004 |
| **CASE TITLE** | Pancotto vs. Home Depot | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held. On the Court's own independent evaluation and for the reasons stated in the attached memorandum opinion, this matter is hereby remanded back to the Circuit Court of Cook Count for lack of jurisdiction. All pending dates and motions are hereby stricken as moot. Order case remanded to the Circuit Court of Cook County. Enter Memorandum Opinion.

(11) ■   [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 14 2004 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW6 | courtroom deputy's initials | 2004 MAY 13 PM 1:39 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY PANCOTTO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A., INC., ) <br> ) <br> Defendant. ) | No. 03 C 6315 DOCKETED <br> MAY 1 4 2004 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the court's independent evaluation of whether or not the jurisdictional requirements are met. For the reasons stated below we remand this case for lack of jurisdiction.

## BACKGROUND

The instant case was initially filed by Plaintiff Joseph Anthony Pancotto ("Pancotto") in the Circuit Court of Cook County, Illinois. Pancotto alleges that on October 24, 2002 he was shopping in a store owned by Defendant Home Depot U.S.A., Inc. ("Home Depot") located in the Village of Bedford Park, Illinois. Pancotto claims that he stepped on some pallets containing merchandise in the store

1



and that the pallets either gave way or slipped. Pancotto alleges that he fell and injured himself. Home Depot removed the case from state court to the United States District Court Northern District of Illinois on September 8, 2003. Home Depot contends in its notice of removal that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## DISCUSSION

The "first duty in every case" in federal district court for a judge is to "independently" determine whether or not the court has subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C*, 350 F.3d 691, 692-94 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at "face value" and then remanding case back to judge for dismissal for lack of jurisdiction after a jury trial was held by court). A court has diversity jurisdiction only if " the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a).

For cases filed in state court and removed to federal court "the amount alleged in the plaintiff's complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court." *Smith v. American General Life and Acc. Ins. Co., Inc*, 337 F.3d 888, 892-

2

93 (7th Cir. 2003). The Seventh Circuit has adopted a rule that the removing party must provide "evidence which proves to a reasonable probability that jurisdiction exists." *Id.* (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)). It is the removing party's burden to establish that the amount in controversy requirement is met. *Id.* at 893.

We have reviewed Pancotto's complaint in the state court case we note that Pancotto alleged in his state court complaint that he was only seeking "damages in an amount in excess of $50,000. . . ." Thus, under the applicable Seventh Circuit standard we are to assume that Pancotto's complaint is truthful and his complaint fails to allege an amount in controversy in excess of $75,000. Home Depot's sole basis for its assertion that the amount in controversy requirement is satisfied is Pancotto's response to Home Depot's request to admit No.1. In that request Home Depot asks Pancotto to admit that the amount in controversy does not exceed $75,000 and Plaintiff asserts in response that he is seeking in excess of $75,000.

Plaintiff's response is not sufficient to meet the amount in controversy requirement. The parties cannot confer federal subject matter jurisdiction upon themselves and thus even Pancotto's admission is not determinative because his speculation as to the amount he seeks to recover is not sufficient to establish the amount in controversy requirement. *See Hill v. Jenkins,* 603 F.2d 1256, 1260 (7th Cir. 1979)(stating that "it is axiomatic that parties cannot themselves confer subject matter jurisdiction."). In fact, Pancotto's response to Home Depot's request to admit

indicating that he is seeking to recover in excess of $75,000 is further suspect because in Pancotto's state court complaint he alleges that he is only seeking to recover more than $50,000. Home Depot has not provided an adequate explanation or documentation for its contention that the amount in controversy is in excess of $75,000. Home Depot's only basis for its contention is one sentence in its notice of removal referring to Pancotto's response to the request to admit. (Home Depot Notice of Removal par. 4). Such allegations are insufficient to meet the amount in controversy requirement.

We also note that it is contrary to the nature of an advocate representing a client to willingly limit the amount that his client is entitled to recover and thus, simply because Pancotto's attorney would not admit that his client's recovery will not be more than $75,000, is not sufficient reason to conclude that the amount in controversy requirement is met. Pancotto's attorney was understandably hesitant to limit or even give the appearance that his client's recovery should be limited. Home Depot has not met its burden of showing that we have diversity jurisdiction and we therefore dismiss this action for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing analysis we remand this case to the Circuit Court of Cook County, Illinois.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 13, 2004